ORIGINAL

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
*Pre-Award Bid Protest*

FILED
AUG 7 2008
U.S. COURT OF FEDERAL CLAIMS

| | |
|---|---|
| SUNNY DAYS CATAMARANS, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | No. 08-565 C |

**PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**

Pursuant to Rule 65(a) of the Rules of the Court of Federal Claims ("RCFC"), plaintiff, Sunny Days Catamarans, Inc. ("Sunny Days"), respectfully requests that this Court exercise its discretion and issue an Order granting a preliminary injunction to enjoin defendant, the United States, as well as the National Park Service ("NPS"), together with the delegates, officers, agents, servants, and employees of the NPS from (1) proceeding with the solicitation and making award of NPS concession contract number CC-DRTO001-08, the principal purpose of which is to furnish interpretative and transportation services, in response to a solicitation that does not provide for the applicability of the Service Contract Act ("SCA"), 41 U.S.C. § 351 et seq., and (2) from allowing any contractor on concession contract number CC-DRTO001-08, the principal purpose of which is to provide interpretative and transportation services, to pay their employees wages and fringe benefits that are lower than those required by the SCA. **Because of the necessity for prompt resolution of this motion, plaintiff asks for expedited consideration, i.e., before the August 13, 2008 due date for responses to the solicitation.**

As more fully set forth in its memorandum in support of this motion, plaintiff makes this motion for a preliminary injunction for the following reasons:

(1) Plaintiff is likely to succeed on the merits of its claim that defendant's interpretation of the SCA, as stated in NPS' response to plaintiff's inquiry as to whether the SCA applied to subject concession contract number CC-DRTO001-08, the principal purpose of which is to furnish interpretative and transportation services, is contrary to the plain language of the SCA, U.S. Department of Labor's ("DOL") implementing regulations, DOL rulings, and federal caselaw.

(2) Unless enjoined by an order of this Court, plaintiff will suffer immediate, permanent, and irreparable harm.

(3) Preserving the status quo will not cause undue injury or hardship to defendant or to any other interested party. Absent the issuance of a preliminary injunction, however, plaintiff will be irreparably injured.

(4) The public interest weighs in favor of granting injunctive relief.

Respectfully submitted,

Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Dated: August 7, 2008