# Exhibit 3

U.S. Department of Labor

Employment Standards Administration
Wage and Hour Division
Washington, D.C. 20210

JUL 1 3 2004

Paul Anderson, Superintendent
Denali National Park and Preserve
National Park Service
U.S. Department of the Interior
Post Office Box 9
Denali Park, Alaska 99755

Dear Mr. Anderson:

Thank you for your letter of September 25, 2003, in which you respond to our letter of July 22, 2003, regarding concession Contract No. CC-9100-1-002, Denali National Park and Preserve, Alaska. We appreciate the update regarding the status of the referenced contract, which expired on May 12, 2003, and the responses to our various questions as they would apply to the current concession contract, a joint venture partnership between Doyon, Limited, and ARAMARK Sports and Entertainment Services, Inc., which was awarded on May 12, 2003. Services to be performed under the new concession contract include two different interpretive bus tours, park shuttles within the park and around the park entrance area, operation of a store (i.e., Riley Creek mercantile), operation of two campgrounds, food service and gift sales near the new visitor center, and food service, retail sales and lodging for the Denali Science and Learning Center. We will focus our remarks regarding the application of the McNamara-O'Hara Service Contract Act (SCA) (41 U.S.C. §§ 351 - 358) to the most current concession contract.

Based on the language of Section 2(a) of the SCA, if a contract is "entered into" by the Government or the District of Columbia, and if its principal purpose is "to furnish services in the United States through the use of service employees," it is subject to the Act. Pursuant to the Department's SCA regulations (29 CFR § 4.133(a)), there is no limitation relating to the beneficiary of the services or whether the services are of direct benefit to the Government, as distinguished from the general public. If the principal purpose of the Government contract is to provide services through the use of service employees, the contract is covered by the SCA, regardless of the beneficiary of the services, the source of funds from which the contractor is paid for the services, or whether the contractor performs the work in its own establishment, on a Government installation, or elsewhere.

Ex. 3

The fact that a contract requires or permits the contractor to provide the services directly to individuals as a concessionaire, rather than through the contracting agency, does not negate SCA's coverage. (See §§ 4.130(a)(11) and 4.133(a).) Thus, the SCA is intended to be applied to a wide variety of contracts, of which the nomenclature, type, or particular form of contract used by procurement agencies is not determinative of coverage. (See § 4.111(a).) (See also Administrative Review Board's decision Cradle of Forestry in America Interpretation Association, ARB Case No. 99-035, March 31, 2001, which affirmed the application of the SCA to Special Use Permits (SUPs) issued by the Forest Service of the U.S. Department of Agriculture for the maintenance and operation of campgrounds on the basis that "neither the form of the agreement nor the terminology used to describe it is determinative of whether an arrangement between a federal agency and an outside entity is a 'contract' for SCA purposes.")

Pursuant to the Department's discretionary authority in Section 4(b) of the SCA, a limited exemption is provided for concession contracts "principally for" the furnishing of food, lodging, automobile fuel, souvenirs, newspaper stands, and recreational equipment, but only if these articles are principally furnished to the general public, who visit Government recreation and scenic areas, as distinguished from the U.S. Government or its personnel. This regulation provides that if such a concession contract "include[s] substantial requirements for services other than those stated, those services are not exempt." Thus, where a concession contract "principally for" exempt services provides services such as the maintenance of government buildings and campgrounds, dissemination of information about Government programs or facilities, transportation, and services principally furnished to the U.S. Government and its personnel, those services are not exempt from coverage under the SCA.

The information provided on the new concession contract shows that the majority of services to be performed under the concession contract in question are subject to coverage under the SCA. These covered services as listed on the spread sheet by specific categories include:

1. "Non-transportation Services" - All of the services under this category, i.e., facility maintenance, employee pub (Gold Spike Saloon), employee dining, employee facilities, campground housekeeping, and the Riley Creek Mercantile store that retails more than souvenirs, food and recreational equipment, are SCA covered as they are outside the scope of the limited exemption provided in section 4.133(b);

2. "Tour Services," – All of the tour services listed under this category, i.e., interpretation, documentation, and Drivers for the Denali Natural History and Tundra Wilderness Tours are covered by the SCA as they are outside the scope of the limited exemption provided in section 4.133(b). The tour food and beverage assembly and food distribution operation that prepares box lunches for tourists taking a tour offered by the park could be considered to be within the limited concession exemption if it was under a contract principally for exempt services.

3. "Visitor Transportation Services (VTS)" – All of the services under this category, i.e., VTS drivers, Front Country Shuttle Service drivers, the Visitor Access Center Reservation agents, Eielson VC dispatch, and the VTS Call Center Reservation agents, are SCA covered as they are outside the scope of the limited exemption provided in section 4.133(b); and

4. "Transportation Overhead Services" – All of the services under this category, i.e., dispatch, bus wash, fleet maintenance, and administration, are SCA covered as they are outside the scope of the limited exemption provided in section 4.133(b).

Because the concession contract is not "principally for" the exempt items identified in the cited regulations (section 4.133(b)), SCA coverage exists for the entire contract. For your information, those items called for in the concession contract which would be exempt from SCA coverage if awarded under a separate contract "principally for" exempt services include the food service and gift sales near the new visitor center, the food service, retail sales, lodging for the Denali Science and Learning Center, tour food and beverage assembly, and food distribution operation.

For any Government service contract exceeding $2,500, an SF-98 must be submitted by the contracting agency, and the SCA stipulations as well as any applicable wage determination issued by the Department of Labor must be included in the contract (see 29 CFR §§ 4.4 - 4.6). Contract options, extensions, and/or renewals are considered to be the same as wholly new contracts for purposes of SCA and the regulations issued thereunder (see 29 CFR §§ 4.143 - 4.145) with respect to incorporating new wage determinations into the contract.

Inasmuch as the information in your letter indicates that the "expected gross receipts" in the first year (2003) of the new concession contract are estimated to be $11,772,000, and the majority of such receipts involve services subject to SCA coverage, the labor standards provisions of the Act are applicable to this concession contract. Please take all necessary steps in accordance with the

SCA regulations (29 CFR § 4.5(c)) to incorporate the SCA stipulations and any wage determination that may be issued into the current contracting period, and to do so in future contracting periods, of this concession contract so that the affected employees may receive their benefits. Please inform us of your actions in this matter as soon as possible.

This letter constitutes a final ruling in this matter. Under the regulations (29 CFR § 8.7), copy enclosed, any aggrieved party may file a petition for review of this final determination with the Department of Labor's Administrative Review Board within sixty (60) days. Any appeal should be addressed to the Administrative Review Board, U.S. Department of Labor, 200 Constitution Avenue, N.W., Room N1651, Washington, D.C. 20210.

Sincerely,

Alfred B. Robinson Jr.

Alfred B. Robinson, Jr.
Acting Administrator

Enclosure

cc: Derek J. Baxter, Esq.