**UNITED STATES COURT OF FEDERAL CLAIMS**

| | |
|---|---|
| SUNNY DAYS CATAMARANS, INC., Plaintiff, v. THE UNITED STATES OF AMERICA, Defendant. | No. 08-565C<br>Judge Christine O.C. Miller |

**MOTION TO ENFORCE THE COURT'S RULINGS AND ORDERS OF AUGUST 8, 2008 AND AUGUST 12, 2008 AND FOR EXPEDITED BRIEFING**

For the reasons set forth below, plaintiff, Sunny Days Catamarans, Inc., respectfully requests that the Court enter an order directing defendant to comply with the Court's order entered August 8, 2008, amended order entered August 12, 2008 and to provide for expedited briefing on this issue.

Following a telephonic status conference conducted on August 8, 2008 pursuant to Appendix C of the RCFC in this pre-award bid protest action, the Court entered an order directing defendant "to take no further action with respect to Solicitation No. CC-DRTO0001-08," for ferry service and other services between Key West, FL and Dry Tortugas National Park.[1]

[1]During that conference, the Court repeatedly urged defendant to consider resolving this bid protest regarding the application of the Service Contract Act to the services being sought in Solicitation No. CC-DRTO0001-08 or face the prospect of liability for plaintiff's fees and costs pursuant to the Equal Access To Justice Act. To date, plaintiff is not aware of any efforts by defendant in this regard.

On August 12, 2008, the parties, having reached an impasse with respect to the meaning of the order, sought clarification on two points:

1. Whether defendant could take action to advise prospective bidders that the August 13, 2008 bid date was no longer effective; and,

2. Whether defendant could set a date certain for the submission and acceptance of bids by the National Park Service ("NPS").

Plaintiff did not oppose allowing defendant to advise prospective offerors of the change in bid date but did oppose allowing defendant to set a date certain for the submission of bids as contrary to the order of August 8, 2008 and making little sense until such time as this Court had ruled on the merits of plaintiff's claim.

After being apprized of the positions of the parties, the Court ruled that:

1. Defendant could advise prospective offerors that the bid date of August 13, 2008 was no longer valid;

2. Defendant could not set a date certain for the receipt of bids pending resolution of plaintiff's motion for preliminary injunction; and,

3. Defendant could take no further action with respect to Solicitation No. CC-DRTO0001-08.

In the intervening week, it came to plaintiff's attention that:

1. No public announcement was made by NPS that the August 13, 2008 due date for bids was no longer valid;

2. The due date for the submission of bids on the NPS website remained August 13, 2008. See website: https://www.fbo.gov/index?s=opportunity&mode=form&tab=core&id=cfabad7711a05dbfe7fa919ec471863e&_cview=0 (last visited August 20, 2008);

3. Plaintiff, a potential bidder, was not advised by NPS that the bid date was no longer valid; and,

4. Upon information and belief, NPS has accepted and retained the bid of at least one offeror.

In an email message dated August 19, 2008, counsel for plaintiff requested that counsel for defendant explain why a public announcement had not been made that the August 13, 2008 bid date was no longer valid and to demonstrate that any bids that had been submitted had been rejected by NPS. A copy of the August 19, 2008 email is attached as Exhibit 1. Counsel for plaintiff further advised counsel for defendant that plaintiff would take these matters to the Court for resolution absent a satisfactory explanation. Id.

On August 20, 2008, counsel for defendant responded by email claiming that:

> The Park Service has done exactly what the Judge's order told them to do: take no action on the solicitation. On our call, she told us that we were welcome to share the contents of her order with prospective offerors, but did not require us to do so. Given the extremely short amount of time remaining before proposals were due, the Park Service decided that placing a notice in FedBizOps or another source was not feasible, and decided that the best course of action was to simply take any received offers and lock them up, unopened. **Depending on the outcome of the litigation, the Park Service will decide what to do with them.**

Copy of the email dated August 20 is attached hereto as Exhibit 2 (emphasis added).

As an initial matter, this explanation makes no sense as one of the express purposes of the conference call with chambers on August 12, 2008 was defendant's putative need to obtain clarification of the order so that it could take action to notify prospective bidders that the August 13, 2008 due date for bids was no longer valid. Plaintiff did not oppose this relief and the Court expressly granted this relief. Moreover, it would seemingly have been a simple matter for NPS,

at a minimum, to advise by phone, email or otherwise the relatively small number of prospective bidders that the bid date was no longer valid and not to submit bids. Nevertheless, and despite having sought and obtained the Court's permission to contact the prospective bidders, NPS failed to do so.

More importantly, defendant's explanation is completely unsatisfactory as it appears that defendant has in fact violated this Court's order not only by accepting bids but retaining the bids for potential future use "depending on the outcome of the litigation."[2] This outcome, which is a direct result of NPS's failure to contact prospective offerors, is precisely what the Court's order directing defendant to "take no further action with respect to Solicitation No. CC-DRTO0001-08" was designed to prevent. Moreover, this defiance of the Court's order appears to be part and parcel of defendant's previous attempt to defeat the purpose of the Court's order by seeking to set a date certain for the submission of bids, which is something that this Court rejected.

Accordingly, plaintiff respectfully requests, as required by this Court's orders, that defendant be directed to return any and all bids that it received in response to Solicitation No. CC-DRTO0001-08, to advise those offerors that no bids will be accepted pending the resolution of this litigation and to provide proof to the Court and plaintiff that this has been accomplished. Moreover, plaintiff respectfully requests defendant be ordered to respond to this motion on an expedited basis, i.e., on or before August 23, 2008.

[2]Plaintiff is not aware of any proper purpose for which NPS could retain bids submitted in response to an invalid due date and NPS has not identified any such purpose. Despite plaintiff's request that NPS return any bids it had received, NPS has not done so.

Respectfully submitted,

s/Richard W. Goeken
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Counsel for Plaintiff

Of Counsel:

Marisol Rojo
SALTMAN & STEVENS, P.C.
1801 K Street, N.W.
Suite M-110
Washington, D.C. 20006
(202) 452-2140

Dated: August 20, 2008